IN THE CIRCUIT COURT
FOR BALTIMORE COUNTY
MARYLAND

**CIMON LOVESS**
5546 Channing Rd
Baltimore, MD 21229

    Plaintiff,

v.   CIVIL ACTION NO. 03-C-16-009946

**EXPERIAN INFO SOLS, INC**
Serve: Corp Trust Inc.
351 W. Camden Street
Baltimore, Maryland 21201

    Defendant,

**TRANSUNION, LLC**
Serve: CSC-Lawyers Incorp Srvc Co.
7 Saint Paul Street, Suite 820
Baltimore, Maryland 21202

    Defendant,

**LEXISNEXIS RISK SOLS INC.**
Serve: The Corporation Trust Inc.
351 W. Camden Street
Baltimore, Maryland 21201

    Defendant,

**REED ELSEVIER, INC.**
Serve: The Corporation Trust Inc.
351 W. Camden Street
Baltimore, Maryland 21201

    Defendant.

---

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Cimon Lovess, (hereafter the "Plaintiff") and for her complaint against the Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union") and LexisNexis Risk Solutions, Inc. ("LexisNexis") alleges as follows:

1

## PRELIMINARY STATEMENT

1. This is an action brought for negligent and willful violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA").

## PARTIES

2. Plaintiff is a natural person residing in the state of Maryland.

3. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).

4. Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).

5. LexisNexis collects and furnishes public record information to CRAs.

## FACTS

6. On July 7, 2015 Henderson-Webb, Inc. filed a lawsuit against the plaintiff.

7. On August 17, 2015 a judgment was entered against plaintiff in the District Court for Baltimore County.

8. Immediately after the judgment was entered, Defendant LexisNexis began providing information to consumer reporting agencies ("CRAs") that plaintiff had a judgment.

9. Some of the information that LexisNexis provided to the CRAs was either inaccurate and incomplete, or, the CRAs reported the information inaccurately and incompletely.

10. Such inaccuracies and/or incompletions included reporting the judgment without providing the status of the judgment, reporting the judgment as entered in the Circuit Court, reporting the judgment with no filing date, reporting the wrong amount, reporting the judgment without providing a phone number for the listed source of information and reporting the judgment without identifying *all* the source(s) of information or furnisher of the information.

11. In November 2015 the plaintiff sent dispute letters to the CRAs wherein she dispute the information identified in paragraph 10 immediately above.

12. The CRAs did not independently assess, evaluate or otherwise investigate the plaintiff's dispute.

13. Instead, the CRAs simply forwarded notice of plaintiff's dispute to LexisNexis.

14. LexisNexis did not investigate plaintiff's dispute either. Instead, LexisNexis simply verified that the information it previously provided to the CRAs matched up with the information that the CRAs were reporting.

15. Thereafter, plaintiff continued to dispute and challenge the contested information.

16. On January 7, 2016 the judgment was satisfied and the court docket or public record was updated to show the judgment was satisfied.

17. Although the public record clearly showed that the judgment was satisfied, LexisNexis did not immediately provide that information to the CRAs.

18. The CRAs had no other procedures, aside from relying on LexisNexis, to accurately report any updates to a public record such as a judgment.

19. Therefore, the CRAs continued to report the judgment as unsatisfied.

20. Eventually, the inaccurate and incomplete public record was completely removed from Experian's and Trans Union's credit report.

21. The inaccurate and/or incomplete judgment continued to be reported on Equifax's credit report.

22. Either LexisNexis provided different information to Equifax than it provided to Experian or Trans Union, or Experian and Trans Union removed the judgment after finding the information inaccurate, incomplete or unverifiable.

23. Plaintiff continued to dispute the judgment with Equifax.

24. Equifax would not investigate plaintiff's dispute but would simply refer the dispute to LexisNexis who continued to instruct Equifax to report the judgment without any changes.

3

## COUNT ONE: 15 U.S.C. §1681e&g
(as to defendants Experian & Trans Union)

25. Plaintiff incorporates paragraphs 1-24 by reference.

26. Defendants Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports. See para 17 thru 19.

27. Defendants Experian and Trans Union sold Plaintiff's credit reports, with the inaccurate information, to at least one third party, i.e. creditor.

28. Defendants Experian and Trans Union violated 15 U.S.C. §1681g(a)(2) by failing to clearly and accurately disclose the source (i.e. LexisNexis) of the judgment.

29. Pursuant to 15 U.S.C. §1681n, Defendants Experian and Trans Union are liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §1681e(b)&g(a)(2).

30. Pursuant to 15 U.S.C. §1681o, Defendants Experian and Trans Union are liable for actual damages, as well as attorney fees and costs, for any economic damages (i.e. credit denials, costs to correct the report, etc.) and/or emotional distress (i.e. frustration of dealing with the dispute resolution process, humiliation of having a damaged credit reputation, etc.) the Plaintiff incurred as a result of Defendants' erroneous credit reports and/or disclosures.

## COUNT TWO: 15 U.S.C. §1681i
(as to defendants Experian & Trans Union)

31. Plaintiff incorporates paragraphs 1-30 by reference.

32. Defendants Experian and Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation of Plaintiff's disputes.

33. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to provide accurate information in its reinvestigation results provided to Plaintiff.

34. Defendants Experian and Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to provide LexisNexis with notice of Plaintiff's dispute within five days of receiving her dispute.

35. Defendants Experian and Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to *promptly* provide LexisNexis with *all* the relevant information regarding Plaintiff's dispute.

36. Defendants Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) by failing to review and consider *all* relevant information in Plaintiff's dispute.

37. Defendants Experian and Trans Union violated 15 U.S.C. §1681i(a)(5) by failing to promptly delete the judgment or modify the information.

38. Defendants Experian and Trans Union violated 15 U.S.C. §1681i(a)(6) by failing to provide accurate and/or complete information in its reinvestigation results.

39. Pursuant to 15 U.S.C. §1681n, Defendants Experian and Trans Union are liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §1681e(b)&g(a)(2).

40. Pursuant to 15 U.S.C. §1681o, Defendants Experian and Trans Union are liable for actual damages, as well as attorney fees and costs, for any economic damages (i.e. credit denials, costs to correct the report, etc.) and/or emotional distress (i.e. frustration of dealing with the dispute resolution process, humiliation of having a damaged credit reputation, etc.) the Plaintiff incurred as a result of Defendants' erroneous credit reports and/or disclosures.

**COUNT THREE: 15 U.S.C. §1681s-2(b)**
(as to defendant LexisNexis)

41. Plaintiff incorporates paragraphs 1-40 by reference.

42. Defendant LexisNexis violated FCRA at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of Plaintiff's dispute.

43. Defendant LexisNexis violated FCRA at 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all the relevant information provided by the CRA.

5

44. Defendant LexisNexis violated FCRA at 15 U.S.C. §1681s-2(b)(1)(C) by failing to accurately and completely report the results of the investigation to the CRA.

45. Defendant LexisNexis violated FCRA at 15 U.S.C. §1681s-2(b)(1)(C)-(E) by failing to instruct the CRA to notate that information in the judgment was being disputed.

46. Defendant LexisNexis violated FCRA at 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify or delete the judgment after finding the information was inaccurate or incomplete or unverifiable.

47. Pursuant to 15 U.S.C. §1681n, Defendant LexisNexis is liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §1681s-2(b)(1)(A)-(E).

48. Defendant LexisNexis's failures to comply with its obligations under 1681s-2(b) were not by accident, but instead were the result of policy to ignore its obligations. Upon information and belief LexisNexis' violations were the result of profit-driven motivations to expend the least amount of money in investigating consumer disputes. As a result, LexisNexis, as a practice, does not conduct thorough, detailed investigations but instead superficial investigations that at best rely on a cursory review of the dispute.

49. Similarly, LexisNexis *never* notates a consumer's dispute of a public record despite its obligation to do so. This failure to notate the dispute was especially egregious being that LexisNexis knows that it reports inaccurate and/or incomplete information by reporting that the court or some other public institution is the furnisher when LexisNexis knows full well that it is the furnisher and courts or other public institutions never furnisher information to CRAs.

50. Pursuant to 15 U.S.C. §1681o, Defendant LexisNexis is liable for actual damages, as well as attorney fees and costs, for any economic damages (i.e. credit denials, costs to correct the report, etc.) and/or emotional distress (i.e. frustration of dealing with the dispute resolution process,

humiliation of having a damaged credit reputation, etc.) the Plaintiff incurred as a result of Defendants' erroneous credit reports and/or disclosures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Judgment for statutory damages in the amount of $1,000 against each Defendant, for a total of $3,000, pursuant to 15 U.S.C. 1681n(a)(1)(A);

(b) Judgment for punitive damages against Defendants for 25 time to 80 times the statutory award or 2 to 5 times the actual damages award, pursuant to 15 U.S.C. 1681n(a)(2);

(c) Judgment for actual damages in the amount of $10,000 against Defendants, for a total of $30,000, pursuant to 15 U.S.C. 1681o;

(d) Award costs and attorney's fees pursuant to 15 U.S.C. 1681n(a)(3); and

(e) Any such other relief the Court deems just, equitable and proper.

## DEMAND FOR TRIAL BY JURY

51. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**CIMON LOVESS**

_____
Cimon Lovess, Pro Se Plaintiff
5546 Channing Rd
Baltimore, MD 21229
Tel: (443) 248-2609